IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY GAMACHE                    *

V.                                 *    CIVIL ADTION NO. CCB-11-644

STATE OF MARYLAND                  *
                              *********

**MEMORANDUM**

The court is in receipt of plaintiff Gregory Gamache's complaint and motion for leave to proceed in forma pauperis. Because plaintiff appears indigent, the motion shall be granted pursuant to 28 U.S.C. § 1915(a).

Because plaintiff has been granted leave to proceed in forma pauperis, this court may review the claims in the plaintiff's complaint before service of process and dismiss the complaint *sua sponte* if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). The court also may dismiss plaintiff's complaint prior to service "if satisfied that the action is frivolous or malicious." 28 U.S.C. §1915(e). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Plaintiff is concerned about the danger of "electronic weapons and asks the court to enter an order for the immediate passage of a state law protecting citizens from the use of these weapons. Plaintiff's complaint may not proceed for a variety of reasons. First plaintiff has failed

to allege sufficient facts to demonstrate that the court has subject matter jurisdiction over this case. He fails to allege that his claim involves a federal question, *See* 28 U.S.C. § 1331, or that diversity of citizenship exists between the parties, *see* 28 U.S.C. § 1332. Accordingly, the court lacks subject matter jurisdiction over this action.

Second, plaintiff has failed to allege sufficient facts demonstrating that he has standing to bring this case. A party satisfies the constitutional component of standing if:

> (1) [the party] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000).

The prudential component of standing encompasses three additional constraints: first, generalized grievances shared by all or a large class of citizens do not warrant judicial review; second, a plaintiff must generally assert his own legal rights and may only assert rights of third parties in specialized circumstances; and third, the grievance must fall within the zone of interests the statute or constitutional guarantee protects or regulates. *See Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir.2009). Although plaintiff expresses his concern with the use of these "electronic weapons," he does not allege that he has suffered direct injury from anyone using one against him. Rather, he claims to "merely [seek] the protection of the residents of this state." ECF No. 1. While the court does not doubt the sincerity of plaintiff's concerns, the court find the factual allegations are either so vague or so fanciful as to be clearly baseless. *See Neitzke,* 490 U.S. at 327.

Finally the court lacks the power to grant the relief plaintiff requests. Although the court

can enjoin officials from enforcing state laws that are incompatible with the Constitution or federal laws this court has no power to direct the State of Maryland to enact a law.

For the foregoing reasons, plaintiff's complaint shall be dismissed by separate order.


March 24, 2011                    /s/
   Date                       Catherine C. Blake
                              United States District Judge